**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KWENTEL BROOMFIELD,

    Plaintiff,

    v.

VICKERS,

    Defendant.

Case No. 1:22-cv-428
JUDGE DOUGLAS R. COLE
Magistrate Judge Jolson

## ORDER

In July 2022, Plaintiff Kwentel Broomfield moved for leave to proceed in forma pauperis with a suit against Vickers.[1] (Doc. 1). After Broomfield submitted a copy of his prison financial statements, the Magistrate Judge granted his motion (Doc. 4) and ordered the Complaint filed.[2]

In September 2022, the Magistrate Judge ordered Broomfield to complete and return a Summons Form and a U.S. Marshal Form for Vickers within thirty days. (Doc. 6). That order also advised Broomfield that his failure to file those forms would

---

[1] There is some confusion whether Broomfield is suing only Vickers, or Vickers and others. His IFP motion listed only "Vickers," and the caption referred to him as "Defendant." But his Complaint is captioned "Vickers, et al." (Doc. 5). That said, in the body of the Complaint the only person he identifies in the "Defendant" section is Vickers. But other parts of the Complaint seem to refer to alleged misconduct by others. None of that is relevant to the Court's determination here.

[2] Broomfield appears to be an inmate at the Southern Ohio Correctional Facility in Lucasville, and Vickers and the other Defendants presumably work there. He claims that two officers, Gillium and Richardson, destroyed his television and that other officers prevented him from filing the required grievance procedures, eventually sending him to solitary confinement. (Doc. 5, #29–33). He seeks various relief, including a permanent injunction, $200,000 in punitive damages, and more. (*Id.* at #36–37).

result in the matter's dismissal. (*Id.*). Broomfield did not comply, so the Magistrate Judge issued a Report & Recommendation advising the Court to dismiss the case. (Doc. 7, #39).

The R&R also advised the parties that failure to file any desired objections within 14 days may result in forfeiture of rights, including the right to District Court review. (*Id.* at #39–40). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture"); 28 U.S.C. § (b)(1)(C).

No party objected. But even without any objections, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). There is no error here. The Magistrate Judge advised Broomfield to submit the requisite Summons and U.S. Marshal form, or else his case would be dismissed. He did not comply.

For this reason, the Court **ADOPTS** the R&R (Doc. 7) in full. The Court thus **DISMISSES** the Complaint (Doc. 5) **WITHOUT PREJUDICE**. Because reasonable jurists would not disagree with this conclusion, Broomfield is **DENIED** a certificate of appealability, and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous, thereby **DENYING** Broomfield leave to appeal in

2

forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

August 1, 2023
**DATE**

                                **DOUGLAS R. COLE**
                                **UNITED STATES DISTRICT JUDGE**